UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| **KATHRYN PENSO HARRIS,**<br><br>Plaintiff,<br><br>vs.<br><br>**PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,**<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

# COMPLAINT

## I.  INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff, Kathryn Penso Harris, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

///

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.     PARTIES

3. Plaintiff, Kathryn Penso Harris, is a natural person with a permanent residence in Port Saint Lucie, Saint Lucie County, Florida 34953.

4. Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that Defendant would turn the matter over to law and that Plaintiff's husband would be in trouble.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's grandparents, who are not co-signers on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

9. On February 7, 2013, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff and threatened to garnish Plaintiff's husband's wages.

10. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

11. Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

12. The representations made to Plaintiff by Defendant regarding garnishment were false.

13. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

14. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

16. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

### V. FIRST CLAIM FOR RELIEF

17. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

(b) Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when

        such action is unlawful and the Defendant does not intend to take such action; and

(f)     Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(g)     Defendant violated *§1692e(7)* of the FDCPA by giving the false representation or implication that the Plaintiff or another consumer committed a crime or other conduct in order to disgrace the Plaintiff; and

(h)     Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt.

19.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20.     As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Kathryn Penso Harris, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.     *SECOND CLAIM FOR RELIEF*

21.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

22.     Defendant violated the Florida Fair Debt Collection Practices Act 559.55 (hereinafter "FFDCPA").  Defendant's violations include, but are not limited to, the following:

>    (a)     Defendant violated *559.72(7)* of the FFDCPA by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor or their family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of their family.

23.     Defendant's acts as described above were done intentionally with the purpose of getting payment from Plaintiff for the alleged debt.

24.     As a result of the foregoing violations of the FFDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Performant Recovery, Inc., for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA and the FFDCPA.

    B.    Actual damages.

    C.    Statutory damages.

    D.    Costs and reasonable attorney fees.

    E.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

    F.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Kathryn Penso Harris, demands trial by jury in this action.

DATED: August 9, 2013

RESPECTFULLY SUBMITTED,

By: /s/ Benjamin H. Crumley
Benjamin H. Crumley, Esq.
Florida Bar No. 018284
Crumley & Wolfe, P.A.
2254 Riverside Avenue
Jacksonville, FL 32204
Phone: (904) 374-0111
Fax: (904) 374-0113
Email: ben@cwbfl.com
*Attorneys for Plaintiff,*
*Kathryn Penso Harris*